IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| JUAN MANUEL SAUCEDA, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. **7:**18:CV-00238 |
| | § | |
| CITY OF MIDLAND, TEXAS, JACOB | § | |
| OWENS and WILLIAM HODGES, | § | |
| Defendants. | § | |

## COMPLAINT

**INTRODUCTION**

1. Plaintiff JUAN MANUEL SAUCEDA brings this action against individual police officers and the City of Midland, Texas for damages arising out of excessive us of force, other unconstitutional policies and actions, and common-law claims arising out of an excessive use of force by the Defendant police officers on or about December 24, 2016.

**JURISDICTION**

2. Plaintiff brings this action against Defendants to redress the deprivation of rights secured Plaintiff by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C.A. § 1983, and the common law.

3. Plaintiff is a citizen of the State of Texas. Each Defendants are, upon information and belief, are citizens of the State of Texas. The matter in controversy exceeds $75,000.00.

4. This court has jurisdiction over this matter pursuant to 28 U.S.C.A. §§ 1331, 1332, and 1343(a)(3), and 42 U.S.C.A. § 1983.

5. Plaintiff also invokes supplemental jurisdiction of this court over Plaintiff's state claims against Defendants for common-law violations pursuant to 28 U.S.C.A. § 1367 as the common-law claims form part of the same case or controversy.

6. Venue is proper in this District pursuant to 28 U.S.C.A. § 1391.

**PARTIES**

7. Plaintiff is a resident of the State of Texas.

8. Defendant the City of Midland, Texas operates and governs the Midland Police Department pursuant to the laws of the State of Texas. The City may be served with process by serving the Mayor Jerry Morales at City Hall, 300 N. Loraine, Midland, TX 79701.

9. Defendant Officers JACOB OWENS and WILLIAM HODGES are sued both individually and in their official capacities. At all pertinent times, Defendant officers and supervisors were employed by The City of Midland Police Department.  They may be served with process at the City of Midland Police Department, 601 N Loraine, Midland, TX 79701.

10. At all pertinent times, Defendants acted under color of law, of a statute, ordinance, regulation, custom, or usage.

11. On or about June 22, 2017, notice required by  Civil Practice & Remedies Code § 101.101 was given to the City of Midland, Texas by certified mail, return receipt requested. This notice set forth the facts underlying Plaintiff's claim against the City of Midland, Texas and its agents. To date, no answer has been received by Plaintiff other than a claim number and no compensation has been offered by City of Midland, Texas in response to this claim.

**FACTS**

12. On Friday December 23, 2016, Officer Hodges, responded to an assist another agency call in the area of State Highway 158 and Interstate 20. Dispatch advised that a Texas Department of

Public Safety Trooper was out on an unoccupied vehicle that was involved in a single vehicle crash.

13. Officer Hodges saw the Plaintiff run from a warehouse and Officer Hodges got out of his vehicle and gave Plaintiff an order to stop, which Plaintiff did not do.

14.  Officer Hodges then utilized the apprehension capability of K9 Zero as an extended range impact weapon.

15. Plaintiff had gone between 2 chemical tanks and had become stuck between the tanks a corner of the warehouse's main storage bay.

16. Plaintiff called out that he was stuck and could not move.

17. Officer Hodges did not believe the Plaintiff and released K9 Zero to attack Plaintiff.

18. Officer Hodges heard the Plaintiff groan as his dog attacked him.

19. Plaintiff tried to get the dog to stop his attack.

20. Officer Hodges began hitting Plaintiff's his right forearm with the officer's flashlight as an improvised Impact weapon while K9 Zero continued to attack Plaintiff.

21. Officer Hodges struck Plainiff in the face with his fist.

22. Then Officer Owens had his K9 Django attack Plaintiff on the Plaintiff's other side.

23. Plaintiff continued being attacked because he was stuck and could not raise both hands.

24. Finally, Plaintiff freed his other hand.

25. The Officers had to extract Plaintiff vertically because he could not get out from between the tanks horizontally.

26. Plaintiff taken Into custody without further incident and charged with Evading Arrest/Detention, Resisting Arrest and Interfering with a Police Service Animal with Conduct likely to Injure.

27.  Plaintiff had bloody wounds over much of his body and had to be transported to Midland Memorial ER for medical treatment.

28.  Plaintiff's wounds required approximately 80 staples and/or stitches.

29. Plaintiff has scar tissue over much of his body and continues to suffer from the damages done to his body by the Defendant Officers and their dogs.

30. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff continues to feel pain from the injuries caused by the Officers and was forced to suffer pain and mental cruelty, was deprived of physical liberty, and was forced to incur medical and legal expenses.

31. At all times pertinent to these allegations, Plaintiff was unarmed and did not pose a threat of death or grievous bodily injury to Defendants.

32. The Defendant officers acted with actual malice toward Plaintiff and with willful and wanton indifference to and deliberate disregard for the statutory and constitutional rights of Plaintiff. The Defendant Officer's actions constitute unreasonable and excessive use of force and deprivation of liberty without due process of law.

33. Upon information and belief, at all times pertinent, The City of Midland Police Department permitted and tolerated a pattern and practice of unreasonable use of force by police officers of the City.

34. Upon information and belief, the City of Midland has maintained a system of review of police conduct so untimely and cursory as to be ineffective and to permit and tolerate the unreasonable and excessive use of force by police officers.

35. The acts, omissions, systemic flaws, policies, and customs of the City of Midland caused police officers of City of Midland to believe that the excessive and unreasonable use of force would not be aggressively, honestly, and properly investigated, with the foreseeable result that

officers are more likely to use excessive or unreasonable force against Plaintiff and others in the future.

## COUNT I. VIOLATION OF CONSTITUTIONAL RIGHTS

36. Plaintiff incorporates by reference paragraphs 1 through 35.

37. The intentional acts of the Officer Defendants Hodges and Owens violated the rights of Plaintiff as guaranteed by the Fourth, Fifth, and Eighth Amendments to the United States Constitution, for which Defendant officers are individually liable.

## COUNT II. VIOLATION OF CONSTITUTIONAL RIGHTS DEFENDANTS

**(Claim for Exemplary Damages)**

38. Plaintiff incorporates by reference in paragraphs 1 through 37.

39. The intentional attack of Plaintiff by Defendants Hodges and Owens when Plaintiff was unarmed and did not pose a threat of death or grievous bodily injury to Defendants or others, when Defendants had no lawful authority to use deadly or nondeadly force against Plaintiff, was done with actual malice toward Plaintiff and with willful and wanton indifference to and deliberate disregard for the constitutional rights of Plaintiff. Plaintiff is thus entitled to exemplary damages.

## COUNT III. VIOLATION OF STATUTORY CIVIL RIGHTS

**(Claim for Compensatory Damages)**

40. Plaintiff incorporates by reference paragraphs 1 through 44.

41. The intentional attack  of Plaintiff by  Defendants Hodges and Owens, when Plaintiff was unarmed and did not pose a threat of death or grievous bodily injury to Defendants or others, when Defendants had no lawful authority to use deadly or nondeadly force against Plaintiff, was

done with actual malice toward Plaintiff and with willful and wanton indifference to and deliberate disregard for the statutory civil rights of Plaintiff.

## COUNT IV. VIOLATION OF CONSTITUTIONAL RIGHTS

**(Claim for Compensatory Damages)**

42. Plaintiff incorporates by reference in paragraphs 1 through 41.

43. It was the policy and practice of the City of Midland to employ certain police officers, including Defendants Hodges and Owens.

44. It was the policy and practice of the City of Midland to authorize certain officers, including Defendants Hodges and Owens to cover up the use of excessive force by not having body cameras to record the use of lethal and excessive force. This policy and practice encouraged and caused constitutional violations by police officers of the City of Midland, including the violation of Plaintiff's constitutional rights by Defendants Hodges and Owens.

45. At all pertinent times, Defendants Hodges and Owens and other unknown supervisors who supervised the officers who unlawfully violated Plaintiff's rights encouraged and tolerated the policies and practices. Upon information and belife the City of Midland refused adequately to train, direct, supervise, or control Defendant officers so as to prevent the violation of Plaintiff's constitutional rights.

46. Defendants Hodges and Owens were acting within the scope of their employment and pursuant to the policies and practices of Defendant the City of Midland. These policies and practices were enforced by Defendants Hodges and Owens, and were the moving force, proximate cause, or affirmative link behind the conduct causing the Plaintiff's injury. The Defendants are therefore liable for the violation of Plaintiff's constitutional rights by Defendants Defendants Hodges, Owens and the City of Midland.

## COUNT V. CONSPIRACY TO VIOLATE CIVIL RIGHTS DEFENDANTS

**(Claim for Compensatory Damages)**

47. Plaintiff incorporates by reference paragraphs one through 46.

48. Upon information and belief Defendants Hodges and Owens conspired to violate Plaintiff's statutory civil rights in violation of 42 U.S.C.A. § 1983, for which Defendants Hodges and Owens are individually liable.

## COUNT VI. ASSAULT AND BATTERY

**(Claim for Compensatory Damages)**

49. Plaintiff incorporates by reference paragraphs 1 through 48.

50. The attacks and use of nondeadly force by Defendants Hodges and Owens when Defendants when Plaintiff was unarmed and did not pose a threat of death or grievous bodily injury to Defendants or others, was without justification or provocation, was excessive, and constitutes assault and battery for which Defendants Hodges and Owens are individually liable.

51. As a proximate result of the assault and battery committed by Defendants Hodges and Owen, Plaintiff has sustained permanent injuries and has incurred medical bills and other expenses. These injuries have caused and will continue to cause Plaintiff great pain and suffering, both mental and physical.

## COUNT VII. ASSAULT AND BATTERY DEFENDANTS [NAMES OF DEFENDANTS]

**(Claim for Exemplary Damages)**

52. Plaintiff incorporates reference paragraphs 1 through 51.

53. The intentional attacks and use of nondeadly force by Defendants Hodges and Owens when Plaintiff was unarmed and did not pose a threat of death or grievous bodily injury to Defendants

or others, was without justification or provocation, was excessive, and constitutes assault and

battery for which  Defendants Hodges and Owens are individually liable.

Plaintiff is thus entitled to exemplary damages.

## COUNTY VIII. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(Claim for Compensatory Damages)

54. Plaintiff incorporates by reference paragraphs 1 through 53.

55. Defendants Hodges and Owens intentionally attacked Plaintiff in a manner that was extreme,

outrageous, and unjustified, and caused Plaintiff to suffer physical and emotional distress for

which Defendants Hodges and Owens are individually liable.

## COUNT   IX.   INTENTIONAL   INFLICTION   OF   EMOTIONAL   DISTRESS DEFENDANTS

**(Claim for Exemplary Damages)**

56. Plaintiff incorporates by reference paragraphs 1 through 55.

57. The intentional attack of Plaintiff by Defendants Hodges and Owens were unjustified and

done with actual malice and wanton indifference to and deliberate disregard for human life and

the rights of Plaintiff. Plaintiff is thus entitled to exemplary damages.

## COUNT X. RESPONDEAT SUPERIOR LIABILITY DEFENDANT

(Claim for Compensatory Damages)

58. Plaintiff incorporates by reference paragraphs 1 through 57.

59. At all times pertinent here to, Defendants Hodges and Owens were acting within the scope of

their employment as an officers of the City of Midland Police Department.

60. The City of Midland is liable for compensatory damages under the doctrine of respondeat superior for the intentional torts of Defendants Hodges and Owens committed within the scope of their employment.

## COUNT XI. RESPONDEAT SUPERIOR LIABILITY DEFENDANT

**(Claim for Exemplary Damages)**

61. Plaintiff incorporates by reference paragraphs 1 through 65.

62. The City of Midland, through its agents, expressly authorized Defendants Hodges and Owens to use excessive force; knew, through its agents, that the Defendant officers had a propensity for committing intentional torts, using excessive force in the line of duty; and acquiesced in the Defendant's wrongful conduct. Plaintiff is thus entitled to exemplary damages against the City of Midland for the malicious conduct of Defendants.

## COUNT XII. NEGLIGENCE

(Claim for Compensatory Damages)

63. Plaintiff incorporates by reference paragraphs 1 through 62.

64. Defendants Hodges and Owens, while acting as agents and employees for the City of Midland in their capacity as police officers for Midland, owed a duty to Plaintiff to perform their police duties without the use of excessive force. Defendants' use of force upon Plaintiff, when Plaintiff was unarmed and did not pose a threat of death or grievous bodily injury to Defendants or others constitutes negligence for which Defendants Hodges and Owens are individually liable.

65. As a proximate result of Defendants' negligent use of excessive force, Plaintiff has sustained permanent injuries and Plaintiff has incurred medical bills and other expenses. These injuries have caused and will continue to cause Plaintiff pain and suffering, both mental and physical.

## COUNT XIII. NEGLIGENCE DEFENDANTS

(Claim for Exemplary Damages)

66. Plaintiff incorporates by reference paragraphs 1 through 65.

67. The negligent beatings of Plaintiff by Defendants Hodges and Owens when Plaintiff was unarmed and did not pose a threat of death or grievous bodily injury to Defendants or others, and when Defendants had no lawful authority to arrest Plaintiff or to use deadly force against Plaintiff, was done with willful and wanton indifference to and deliberate disregard for human life and the rights of Plaintiff. Plaintiff is thus entitled to exemplary damages.

## COUNT XIV. NEGLIGENCE

(Claim for Compensatory Damages)

68. Plaintiff incorporates by reference paragraphs 1 through 67.

69. At all times of the incident, Defendants Hodges and Owens were acting within the scope of their employment as officers of the Midland Police Department.

70. Defendant City of Midland is liable for compensatory damages under the doctrine of respondeat superior for the negligence of Defendants Hodges and Owens committed within the scope of their employment.

## COUNT XV. NEGLIGENCE DEFENDANT

(Claim for Compensatory Damages)

71. Plaintiff incorporates by reference paragraphs 1 through 70.

72. Defendant City of Midland owed a duty to Plaintiff to train and supervise and otherwise control its police officers in the use of deadly force and other matters incidental to the exercise of police functions. The City of Midland Police Department failed to provide adequate training, supervision, and control of Defendants Hodges and Owens, which failure constitutes negligence.

73. As a proximate result of The City of Midland Police Department's negligent failure to provide adequate training, supervision, and control of Defendants Hodges and Owens, Plaintiff has sustained permanent injuries and Plaintiff has incurred and will continue to incur medical bills and other expenses. These injuries have caused and will continue to cause Plaintiff pain and suffering, both mental and physical.

## COUNT XVI. NEGLIGENCE

(Claim Exemplary Damages)

74. Plaintiff incorporates by reference paragraphs 1 through 73.

75.The City of Midland Police Department's failure to provide adequate training and supervision to its police officers constitutes a willful and wanton indifference and deliberate disregard for human life and the rights of private citizens, including Plaintiff. Plaintiff is thus entitled to exemplary damages.

WHEREFORE, Plaintiff requests that this court enter judgment against the Defendants and award the following amounts:

a. Compensatory damages in an amount according to proof at trial;

b. Punitive damages in an amount according to proof at trial;

c. Attorney's fees and costs; and

d. Such other and further relief as the court deems just and equitable.

Dated: December 21, 2018.

Respectfully submitted,

ORI T. WHITE & ASSOCIATES, P.C.
P.O. BOX 160 / 107 E. 4TH ST.
FT. STOCKTON, TX 79735
432-336-2880 / 432-336-2881 (FAX)

By:_____
ORI T. WHITE, State Bar No. 21321600
ori@oritwhite.com
Attorney for JUAN MANUEL SAUCEDA